# IN THE CHANCERY COURT FOR DAVIDSON COUNTY
## TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| HARDY AND KELLY LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 11-108 |
| v. | ) |
| | ) |
| QBE INSURANCE CORPORATION and | ) |
| SPECIALTY INSURANCE AGENCY, INC., | ) |
| Defendants. | ) |

FILED 2011 JAN 26 PM 3:50

## COMPLAINT

Plaintiff Hardy and Kelly LLC for its Complaint against Defendants QBE Insurance Corporation and Specialty Insurance Agency, Inc. states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Hardy and Kelly LLC is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business in Nashville, Tennessee. The property at issue in this lawsuit is the Broadway Brewhouse & Mojo Grill located at 317 Broadway North, Nashville, Tennessee 37201 ("Broadway Brewhouse").

2. QBE Insurance Corporation ("QBE") is a Pennsylvania insurance company authorized to do business in the State of Tennessee. QBE claims to be one of the top 25 insurers and reinsurers in the world. QBE can be served through the Commissioner of Insurance, State of Tennessee, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243 or at its company address at 88 Pine Street, 4th Floor, Wall Street Plaza, New York, New York 10005. QBE underwrites Specialty Insurance Agency, Inc.'s insurance programs.

3. Specialty Insurance Agency, Inc. ("SIA") is a corporation incorporated in the State of New Jersey and conducting business in Tennessee. SIA operates insurance programs for hotels, restaurants and bars in at least 17 states, including Tennessee. SIA can be served at its principal place of business at 1610 Route 88, Brick, New Jersey 08724, c/o Mr. Barry Moffett, President. SIA is the Producer and Authorized Claims Administrator on behalf of QBE for the insurance policy at issue in this Complaint.

4. This Court has jurisdiction over this cause of action as QBE and SIA transact business in the state of Tennessee and have entered into contracts for goods or services in the state of Tennessee.

5. Venue is proper in this judicial district because the cause of action arose in this judicial district.

## II. STATEMENT OF FACTS

6. Broadway Brewhouse is a local restaurant serving the Nashville area.

7. On May 22, 2009, Hardy and Kelly LLC purchased a commercial insurance policy from QBE, with SIA as the named Producer, policy number SIM110590-09 (the "Policy"). Defendants each have a copy of the Policy. Hardy and Kelly LLC paid the Policy's premium in full at the inception of the Policy, which covered Broadway Brewhouse at 317 Broadway North, Nashville, Tennessee 37201. The term for the Policy was May 25, 2009 through May 25, 2010. Under the policy, certain types of losses were *excluded* from the coverage, including losses that resulted from:

> g. Water
>
>> (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;...

>> (3) Water that backs up or overflows from a sewer, drain or sump ...

8. Hardy and Kelly LLC also purchased the QBCO-0111 Plus D endorsement to the Policy ("Plus D") for the same property with the same term. Defendants each have a copy of the Plus D endorsement to the Policy. Under the Plus D, losses that resulted from certain events were *added* to the Policy as covered losses, including losses from:

> **Back-Up Of Sewers And Drains**
>
> (1) We will pay for direct loss or damage caused by:
>
>> (a) Water which backs up through or overflows from a sewer or drain; or
>>
>> (b) Water which overflows from a sump, even if the overflow results from a mechanical breakdown of a sump pump or its related equipment.
>
> However, with respect to Paragraph (1)(b) above, we will not pay the cost of repairing or replacing a sump pump or its related equipment in the event of a mechanical breakdown.

9. Nashville received more than 13 inches of rain during the weekend of May 1, 2010. As a result, the Cumberland River rose above flood stage and, at its peak, reached from the riverfront up Broadway to Second Avenue in downtown Nashville. The water rising from the river and the related flood in parts of Nashville never rose to the level of the Broadway Brewhouse location on Broadway between Third and Fourth Avenues.

10. On May 4, 2010, however, water began seeping up through the Broadway Brewhouse sewer lines. Hardy and Kelly LLC timely notified QBE and/or SIA of the sewer overflow and sought coverage of the resulting loss under the Policy and the Plus D addendum.

11. On May 8, 2010, SIA sent an insurance adjustor from Cunningham Lindsey to Broadway Brewhouse to investigate the loss. Mr. Dickie Jones performed the field work, including walking through the property and interviewing Broadway Brewhouse employees. In his May 13, 2010 report, Mr. Jones noted that the losses at Broadway Brewhouse on May 4, 2010 were not the direct result of a flood. Rather, Mr. Jones determined through his investigation that "the water came up through the drains and flooded the basement." As a result, "the electrical equipment was submerged under water" and the water "damaged all the electrical wiring, drywall, insulation, and equipment in the basement." The water that intruded into Broadway Brewhouse was not flood water.

12. On May 18, 2010, Bill Stewart, General Regional Adjuster for Cunningham & Lindsey, sent a First Report to Hardy and Kelly LLC. Mr. Stewart acknowledges in his report that the loss at Broadway Brewhouse was caused by water backing up through the Broadway Brewhouse sewer and/or floor drains. Mr. Stewart then purports to provide a legal opinion as to why the Plus D endorsement that Hardy and Kelly LLC purchased does not mean what the endorsement expressly provides:

> Although the Plus D endorsement extends coverage for backup of water from sewers or drains, it is our opinion that the purpose and intent of the endorsement is to remove exclusion g.3 from the CP1030 form and to provide coverage for that singular otherwise excluded from the loss. It is our opinion that the Plus D endorsement does not over-ride the flood or surface water exclusion of the CP1030 policy form and that damage from water that backs up through sewers or drains as a direct and proximate cause of flooding is still excluded under the policy (while damage from water that backs up through sewers or drains not related to flood or other excluded proximate causes of loss would be covered under the endorsement).

13. Presumably in reliance on Mr. Stewart's report, SIA declined coverage on the loss by letter dated May 19, 2010. In its letter, SIA first acknowledged that Plus D—for which Hardy and Kelly LLC paid more than the standard Policy—extended the Policy's coverage to include "direct loss or damage caused by water which backs up through or overflows from a sewer or drain." SIA, however, without explanation determined that "this loss occurred as a direct result of flooding." SIA's determination is contrary to the conclusion reached by the on-site adjustor. SIA based its determination on Mr. Stewart's faulty interpretation of a clear contract, reliance that is unsupported and justified and in quintessential bad faith.

14. Because SIA determined that the overflow of the Broadway Brewhouse sewer lines and/or drains was not covered by the Policy or the Plus D endorsement, SIA determined that none of the losses associated with the May 4, 2010 event (e.g., lost business due to interruption, food and alcohol spoilage, etc.) were covered.

15. By letter dated September 20, 2010, Hardy and Kelly LLC requested that SIA reconsider its decision to decline coverage. Hardy and Kelly LLC put SIA on notice of Hardy and Kelly LLC's intent to file a lawsuit alleging bad faith denial of coverage given SIA's attempt to interpret the Plus D endorsement contrary to the endorsement's plain language.

16. SIA responded by letter dated October 4, 2010. In his response, Bill Harris, Senior Property/Casualty Claims Examiner for SIA, wrote that the "water intrusion incident occurred not as the result of the inability of the insured's sewage to flow out, creating a back-up situation, the intrusion occurred as the direct result of heavy rains which caused flooding of the streets and sewer lines with surface water, resulting in over flow, flooding the insured's drains and sewer line." Mr. Harris ignored that his own analysis—water that "overflows" from a sewer or drain"—is precisely what the Plus D endorsement covers.

17. Hardy and Kelly LLC incurred significant damage at Broadway Brewhouse as a result of the loss on May 4, 2010, including, but not limited to: loss of business revenue; spoilage of food and alcohol; damage to the "point of sale" system, the HVAC units and the refrigeration units in the basement; additional expense to provide power for repairs; cleaning, labor and disposal costs; and costs to repair the building's electrical system and structure.

### III. BREACH OF CONTRACT

18. Hardy and Kelly LLC restates and incorporates herein the allegations set forth in Paragraph 1 – 17 above.

19. Hardy and Kelly LLC purchased a commercial insurance policy from QBE, with SIA as Producer, on May 22, 2009. The Policy is a binding agreement between Hardy and Kelly LLC and Defendants.

20. Hardy and Kelly LLC performed all of its obligations under the Policy.

21. Under the Policy and its accompanying Plus D endorsement, QBE and SIA were to cover any losses Hardy and Kelly LLC incurred during the policy term from "Water which backs up through or overflows from a sewer or drain" at Broadway Brewhouse.

22. QBE and SIA instead have breached the Policy by denying coverage for Hardy and Kelly LLC's May 4, 2010 loss at Broadway Brewhouse despite the express language of the Plus D endorsement and the opinion of SIA's on-site adjustor.

23. As a direct and proximate cause of QBE and SIA's breach of the Policy and Plus D endorsement, Hardy and Kelly LLC has suffered compensatory damages of at least $250,000, including: (1) loss of business revenue due to business interruption; (2) spoilage of food and alcohol; (3) damage to and/or total destruction of the "point of sale" system, the HVAC units and the refrigeration units in the basement; (4) costs to provide a power source for repairs; (5)

expenses associated with the repairs such as cleaning, labor and disposal; and (6) damage to the electrical system and structure.

24. Hardy and Kelly LLC is entitled to an amount to be determined at trial.

### IV. VIOLATION OF TENN. CODE ANN. § 56-7-105: BAD FAITH REFUSAL TO PAY CLAIM

25. Hardy and Kelly LLC restates and incorporates herein the allegations set forth in Paragraph 1 – 24 above.

26. By letter dated September 20, 2010, more than 60 days before Hardy and Kelly LLC filed this suit, counsel for Hardy and Kelly LLC demanded that QBE and SIA pay the claim resulting from the May 4, 2010 incident and further informed QBE and SIA that their refusal to pay was wrongful, constituting a violation of Tenn. Code Ann. § 56-7-105. In addition, Hardy and Kelly LLC informed QBE and SIA that their wrongful and bad faith conduct had caused Hardy and Kelly LLC to incur additional damages, costs and expenses, including attorneys' fees.

27. QBE and SIA's conduct, by virtue of the actions described in this Complaint, was not in good faith within the meaning of Tenn. Code Ann. § 56-7-105.

28. QBE and SIA's failure to act in good faith caused Hardy and Kelly LLC to incur additional expense, loss and injury, for which QBE and SIA are now liable to the maximum allowable of 25% on the liability for the loss.

### V. VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

29. Hardy and Kelly LLC restates and incorporates herein the allegations set forth in Paragraph 1 – 28 above.

30. QBE and SIA sold to Hardy and Kelly LLC the Plus D endorsement which QBE and SIA represented would cover all losses resulting from water "which backs up through or overflows from a sewer or drain."

31. The insurance adjustors contracted by SIA determined that Hardy and Kelly LLC's May 4, 2010 loss was a result of water backing up through or overflowing the sewer lines and/or drains in the Broadway Brewhouse basement.

32. Despite the express language of the Plus D coverage and the circumstances surrounding the May 4, 2010 loss, SIA denied coverage on behalf of QBE.

33. SIA's interpretation of the Policy and the Plus D endorsement makes clear that QBE and SIA engaged in unfair and deceptive trade practices when QBE and SIA sold the Plus D endorsement to Hardy and Kelly LLC. QBE and SIA misrepresented and/or falsely advertised Plus D such that Hardy and Kelly reasonably expected coverage when water "backs up through or overflows from a sewer or drain." QBE and SIA's conduct was unfair and deceptive in violation of Tenn. Code Ann. § 47-18-101 *et seq.*

34. As a result of QBE and SIA's unfair and deceptive acts and practices described in this Complaint, Hardy and Kelly LLC is entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109, in an amount to be proven at trial.

35. Based on the denial in clear contravention of the express language in the Policy and the Plus D endorsement, and the on-site adjustor's findings, QBE and SIA's unfair and deceptive acts and practices described in this Complaint were done willfully, knowingly and/or intentionally, and Hardy and Kelly LLC is entitled to an award of three times its actual damages pursuant to Tenn. Code Ann. § 47-18-109.

36. Hardy and Kelly LLC is also entitled to an award of reasonable attorneys' fees and litigation costs pursuant to Tenn. Code Ann. § 47-18-109.

## JURY DEMAND

Hardy and Kelly LLC demands a jury trial on all issues that may be determined by a jury.

WHEREFORE, as a result of SIA and QBE's wrongful actions, Hardy and Kelly LLC demands a jury and requests that the Court award:

a. Actual and compensatory damages;

b. A 25% penalty on the liability for the loss pursuant to Tenn. Code Ann. § 56-7-105;

c. Treble or other exemplary damages at the maximum rate permitted by law pursuant to the Tennessee Consumer Protection Act and/or the Bad Faith Statute referenced above;

d. Pre- and post-judgment interest on all sums awarded at the maximum rate permitted by law;

e. Attorneys' fees, court costs and other expenses related to this action; and

f. Such other legal and equitable relief as the Court determines is appropriate.

Respectfully submitted,

*Elizabeth O. Gonser*

John R. Jacobson (BPR # 14365)
Elizabeth O. Gonser (BPR # 26329)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

*Attorneys for Plaintiff*
*Hardy and Kelly LLC*



| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **ORIGINAL**<br>SUMMONS | CASE FILE NUMBER<br>11-108- TII |
|---|---|---|
| PLAINTIFF<br>HARDY AND KELLY LLC | DEFENDANT<br>QBE INSURANCE CORPORATION and SPECIALTY INSURANCE AGENCY, INC. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

QBE Insurance Corporation
c/o Commissioner of Insurance, State of Tennessee
500 James Robertson Parkway, 5th Floor
Nashville, TN 37243

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☒ *Comm. Of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>John R. Jacobson<br>Elizabeth O. Gonser<br>Riley Warnock & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700 | FILED, ISSUED & ATTESTED<br>1/26/11<br><br>CRISTI SCOTT, Clerk and Master<br>By: 1 Public Square<br>Suite 308<br>Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br>Sheriff |
|---|---|

***Submit one original plus one copy for each defendant to be served.

ⓑADA Coordinator, Cristi Scott (862-5710)

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) ABE Consulting Corporate

☒ Served Return Served on Corporatis
☐ Not Served

☐ Not Found _____
☐ Other _____

DATE OF RETURN: FEB - 3 2011

By: _Special Officer_ _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____, 20___.
Signature of ____ Notary Public or ____ Deputy Clerk

My Commission Expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case.

CRISTI SCOTT, Clerk & Master

By: _____

D.C. & M.

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | ALIAS SUMMONS **ORIGINAL** | CASE FILE NUMBER 11-108-III |
|---|---|---|
| PLAINTIFF HARDY AND KELLY LLC | DEFENDANT QBE INSURANCE CORPORATION and SPECIALTY INSURANCE AGENCY, INC. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

Specialty Insurance Agency, Inc.
c/o Barry Moffett, President
1610 Route 88
Brick, NJ 08724

Method of Service:
- ☒ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

Attorney for plaintiff or plaintiff if filing Pro Se:
(Name, address & telephone number)

John R. Jacobson
Elizabeth O. Gonser
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

FILED, ISSUED & ATTESTED 1/26/11

CRISTI SCOTT, Clerk and Master
By:
1 Public Square
Suite 308
Nashville, TN 37201

Deputy Clerk & Master

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

⚐ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____ ☐ Not Found _____
☐ Not Served _____ ☐ Other _____

| DATE OF RETURN: | By: _____ |
| --- | --- |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _26th_ day of _January_, 20_11_, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _11-108-III_ to the defendant _Specialty Insurance Agency_ On the _26th_ day of _January_, 20_11_, I received the return receipt, which had been signed by _F. McCallen_ on the _3rd_ day of _February_, 20_11_.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _3rd_ day of _Feb._, 20_11_.

Signature of _Notary Public_ or Deputy Clerk

My Commission Expires: _11/2/2011_

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

_Elizabeth O. Hensey_

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal [property exemption from execution or] seizure to satisfy a judgment. If [a judgment should be entered against] you in this action and you wish to [claim property as exempt, you must] file a written list, under oath, of t[he items you wish to claim as exempt] with the clerk of the court. The l[ist may] be changed by you thereafter as [necessary; however, it must be filed] before the judgment becomes fin[al. It will be your duty to] execution or garnishment issued [in the event a judgment is issued. Certain] items are automatically exempt b[y law and do not need to be listed;] these include items of necessary [wearing apparel (clothing) for yourself] and your family and trunks or ot[her receptacles necessary to contain] such apparel, family portraits, th[e family Bible and school books.] Should any of these items be sei[zed, you would have the right to] recover them. If you do not und[erstand your exemption right or how to] exercise it, you may wish to seek [the counsel of a lawyer.]

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 3[7201]

Please state file number on list.

### SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Specialty Insurance Agency, Inc.
   c/o Barry Moffett, President
   1610 Route 88
   Brick, NJ 08724

2. Article Number (Transfer from service label)
   7002 2410 0002 3864 6128

### COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _F. McCallen_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) _F. McCallen_ C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
| --- | --- |

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY
## TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| HARDY AND KELLY LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 11-108-III |
| v. | ) |
| | ) |
| QBE INSURANCE CORPORATION and | ) |
| SPECIALTY INSURANCE AGENCY, INC., | ) |
| Defendants. | ) |

## NOTICE OF FILING

Plaintiff hereby gives notice of filing a Corrected Return on Service of Summons for Specialty Insurance Agency, Inc.

Respectfully submitted,

*Elizabeth O. Gonser* (signature)

John R. Jacobson (BPR # 14365)
Elizabeth O. Gonser (BPR # 26329)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

*Attorneys for Plaintiff*
*Hardy and Kelly LLC*

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | ALIAS SUMMONS | CASE FILE NUMBER 11-104-III |
|---|---|---|
| PLAINTIFF HARDY AND KELLY LLC | DEFENDANT QBE INSURANCE CORPORATION and SPECIALTY INSURANCE AGENCY, INC. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

Specialty Insurance Agency, Inc.
c/o Barry Moffett, President
1610 Route 88
Brick, NJ 08724

Method of Service:
☒ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. Of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

Attorney for plaintiff or plaintiff if filing Pro Se:
(Name, address & telephone number)

John R. Jacobson
Elizabeth O. Gonser
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

FILED, ISSUED & ATTESTED

1|26|11

CRISTI SCOTT, Clerk and Master
By:
1 Public Square
Suite 308
Nashville, TN 37201

Deputy Clerk & Master

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

TO THE SHERIFF:

| | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ᵇADA Coordinator, Cristi Scott (862-5710)

Case 3:11-cv-00155 Document 1-1 Filed 02/22/11 Page 15 of 16 PageID #: 18

## Corrected RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____

☐ Not Found _____
☐ Other _____

DATE OF RETURN: _____

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the 27th day of January, 2011, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case 11-112-III to the defendant Specialty Insurance Agy., On the 3rd day of February, 2011 I received the return receipt, which had been signed by F. McCallen on the 31st day of January, 2011.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this 3rd day of Feb, 2011.

Signature of Notary Public or Deputy Clerk

My Commission Expires: 11/2/2011

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list

**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
☒ Print your name and address on the reverse so that we can return the card to you.
☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Specialty Insurance Agency, Inc.
c/o Barry Moffett, President
1610 Route 88
Brick, NJ 08724

2. Article Number
(Transfer from service label)

7002 2410 0002 3864 6128

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

102595-02 M-15

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
|---|---|