# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| HARDY AND KELLY LLC, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-cv-00155 |
| ) | Judge Todd J. Campbell |
| v. ) | Magistrate Judge E. Clifton Knowles |
| ) | |
| QBE INSURANCE CORPORATION and ) | JURY DEMAND |
| SPECIALTY INSURANCE AGENCY, INC.,) | |
| ) | |
| Defendants. ) | |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01 and Federal Rule of Civil Procedure 26(f), Plaintiff, Hardy and Kelly LLC, Defendant QBE Insurance Corporation ("QBE") and Defendant Specialty Insurance Agency, Inc. ("SIA") jointly submit this proposed case management order in advance of the Initial Case Management Conference scheduled for April 18, 2011 at 11:00 a.m.

I. <u>JURISDICTION AND VENUE</u>

A. Defendants removed this case to the U.S. District Court for the Middle District of Tennessee on February 22, 2011.

B. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

B. Defendant QBE does not dispute the Court's personal jurisdiction over QBE and does not dispute that venue is proper in this Court.

C. Defendant SIA does not dispute the Court's personal jurisdiction over SIA and does not dispute that venue is proper in this Court.

II. PARTIES' THEORIES OF THE CASE

A. <u>Plaintiff's Theory of the Case</u>: Hardy and Kelly LLC seek damages against Defendants under a commercial insurance policy and policy supplement. Hardy and Kelly LLC assert that Defendants' decision to decline coverage for losses related to water backing up through or overflowing the subject property's sewer or drain in May, 2010 was inconsistent with the policy's express coverage language. Hardy & Kelly LLC seeks a 25% penalty on the liability for the loss pursuant to Tenn. Code Ann. § 56-7-105, and damages, including attorneys' fees, for violation of the Tennessee Consumer Protection act, Tenn. Code Ann. § 47-18-101 *et seq*. Hardy and Kelly LLC alleges that Defendants sold the insurance policy and policy supplement that covers losses from water that "backs up through or overflows from a sewer or drain." Hardy and Kelly LLC alleges that it requested coverage in May, 2010 under the policy and policy supplement after incurring significant losses when water backed up through or overflowed from the sewer or drain in the basement of the covered property. Hardy and Kelly LLC alleges that defendants' refusal to cover these losses was in bad faith and evidenced unfair and deceptive business practices.

B. <u>Defendants' Theories of the Case</u>:

1. <u>Defendant QBE</u>: QBE denies that it is liable to Plaintiff for any causes of action raised by Plaintiff in the Complaint. QBE asserts that the alleged damage to Plaintiff's property occurred from acts or events that are not covered by the commercial insurance policy at issue in this matter or any supplement to that policy. QBE asserts that Plaintiff's alleged

damages, if any, were caused by flood water, which is not a covered occurrence under the terms of the subject policy or any supplement to that policy. Accordingly, QBE avers that the denial of Plaintiff's claim was not in bad faith and did not constitute an unfair or deceptive trade practice. QBE seeks dismissal of all of Plaintiff's claims made against it

   2. <u>Defendant SIA</u>: SIA denies that it is liable to Plaintiff for any causes of action raised by Plaintiff in the Complaint. SIA asserts that it is not a proper party defendant for the claims made in Plaintiff's Complaint because SIA is a third-party administrator and not an insurer. To the extent that SIA is found to a proper party defendant, SIA further asserts that the alleged damage to Plaintiff's property occurred from acts or events that are not covered by the commercial insurance policy at issue in this matter or any supplement to that policy. SIA asserts that Plaintiff's alleged damages, if any, were caused by flood water, which is not a covered occurrence under the terms of the subject policy or any supplement to that policy. Accordingly, SIA avers that the denial of Plaintiff's claim was not in bad faith and did not constitute an unfair or deceptive trade practice. SIA seeks dismissal of all of Plaintiff's claims made against it.

   C. <u>Issues Resolved and Issues in Dispute</u>: All issues as to liability and damages are unresolved and in dispute.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

   A. <u>Initial Disclosures</u>: The parties shall exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before May 18, 2011.

   B. <u>Motions to Amend</u>: The parties shall file all Motions to Amend *the pleadings* on or before September 1, 2011.

C. Discovery:

1. The parties shall serve all written discovery on or before August 1, 2011.

2. The parties shall conclude all depositions of fact witnesses on or before October 31, 2011.

3. The parties shall not file any motions concerning discovery until counsel have conferred in good faith in an effort to resolve the dispute. *The deadline for filing discovery-related Motions is November 7, 2011.*

D. Disclosure and Depositions of Expert Witnesses: ~~The parties~~ *Plaintiff* shall serve any expert report(s) on or before October 31, 2011. ~~The parties shall serve any rebuttal expert report(s) on or before November 30, 2011~~. *Defendant shall serve any expert reports on or before November 30, 2011.* The parties shall complete all depositions of expert witnesses on or before January 13, 2012.

E. Dispositive Motions: The parties shall file all dispositive motions on or before February 13, 2012. The parties shall file any responses to dispositive motions within twenty-one (21) days after service of the motion. The parties shall file any replies within ten (10) days after service of the responses.

F. Joint Mediation Report: The parties shall file a joint mediation report on or before August 1, 2011.

G. Electronic Discovery: Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in accordance with Administrative Order No. 174, unless and until the parties agree to a separate stipulated protocol for discovery of electronically stored information.

IV.  TRIAL

The parties' target trial date is ~~late June or July, 2012~~ June 19, 2012.  The trial is expected to take approximately 2-3 day(s).

IT IS SO ORDERED.

DATED this ____ day of _____, 2011.

_____
E. CLIFTON KNOWLES, United States Magistrate Judge