IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


HARDY AND KELLY LLC            )
                               )
v.                             ) NO. 3-11-0155
                               ) JUDGE CAMPBELL
QBE INSURANCE CORP., et al.     )


MEMORANDUM

Pending before the Court is Defendant Specialty Insurance Agency, Inc.'s Motion to Dismiss

(Docket No. 12). For the reasons stated herein, Defendant's Motion is GRANTED in part and

DENIED in part.

FACTS

This action for breach of contract, bad faith refusal to pay and violation of the Tennessee

Consumer Protection Act ("TCPA") arises as a result of the record floods of May 2010 in Nashville,

Tennessee, and Defendants' failure to pay Plaintiff's insurance claim. Plaintiff alleges that it

purchased commercial insurance from Defendant QBE Insurance Corp., with Defendant Specialty

Insurance Agency ("SIA") as the named producer of the policy. Plaintiff claims that it purchased

and paid for both a policy and a "Plus D endorsement" to the policy for its restaurant in Nashville.

Plaintiff asserts that the Plus D endorsement specifically covered losses from the back-up of sewers

and drains, but Defendants have refused to provide such coverage for Plaintiff's loss.

Defendant SIA contends that Plaintiff's Complaint fails to state a claim for which relief may

be granted against it because SIA is not a party to the insurance policy in question. Plaintiff has

agreed to dismiss its claims against SIA for breach of contract and bad faith refusal to pay. Docket

No. 15. Plaintiff argues, however, that SIA is liable to it for deceptive and unfair business practices in violation of the TCPA.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## TENNESSEE CONSUMER PROTECTION ACT

The TCPA prohibits a range of unfair and deceptive practices, including a "catch-all" provision which states that engaging in "any other act or practice which is deceptive to the consumer or to any other person" is unlawful. Tenn. Code Ann. § 47-18-104(b)(27). The Tennessee Supreme Court has held that this catch-all provision may apply to insurance companies. *Fulton Bellows v. Federal Ins. Co.*, 662 F.Supp.2d 976, 997 (E.D. Tenn. 2009). For the TCPA to apply to the denial of an insurance claim, the insured must allege that the insurer violated the terms of the policy, deceived the insured about the terms of the policy or acted unfairly in some other way. *Id.* The

mere denial of an insurance claim, absent any deceptive, misleading or unfair act does not violate the TCPA. *Id.*

Plaintiff alleges that SIA engaged in an unfair and deceptive trade practice by representing to Plaintiff, in connection with the sale of insurance coverage, that the Plus D endorsement would cover all losses resulting from water which backs up through or overflows from a sewer or drain. Plaintiff contends that, in purchasing the endorsement, Plaintiff reasonably expected coverage when water backed up through or overflowed from a sewer or drain and was misled by SIA's representation and false advertising. Complaint (Docket No. 1), §§ 30-34. Accepting Plaintiff's allegation as true, as the Court must do, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim and to survive a Motion to Dismiss on its TCPA claim against Defendant SIA.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 12) is GRANTED in part and DENIED in part. Plaintiff's claims for breach of contract and bad faith penalty against Defendant SIA are DISMISSED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE