IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| HARDY AND KELLY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00155 |
| | ) | Judge Campbell |
| QBE INSURANCE CORPORATION and | ) | Magistrate - Judge Knowles |
| SPECIALTY INSURANCE AGENCY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now Defendants, by and through counsel, pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE AND LR56, and move this Court to grant them summary judgment in this case. As grounds for their Motion, Defendants aver that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law because the insurance policy in question does not cover the loss that occurred at Plaintiff's property. In the alternative, should this Court not grant Defendants' full summary judgment, Defendants move this Court to enter summary judgment that Defendant QBE did not act in bad faith in denying Plaintiff's claim. In the further alternative, should this Court not grant Defendants' full summary judgment, Defendants move this Court to enter summary judgment that neither Defendant QBE nor Defendant SIA violated the Tennessee Consumer Protection Act. In the further alternative, should this Court not grant Defendants full summary judgment, Defendants move this Court to enter summary judgment that Plaintiff is limited, pursuant to the policy, to recovering Twenty Five Thousand Dollars ($25,000.00) maximum.

In support of their Motion, Defendants rely upon the pleadings filed to date, the depositions filed with the Court, the Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, the Memorandum of Law in Support of Defendants' Motion for Summary Judgment, and the following exhibits attached hereto:

- Exhibit 1 - QBE Policy, CAUSES OF LOSS – SPECIAL FORM, § B. Exclusions;

- Exhibit 2 - Exhibit 1, PLUS D – ADDITIONAL COVERAGES AND COVERAGE EXTENSIONS;

- Exhibit 3 - Final Report of Dickie Jones;

- Exhibit 4 - METRO WATER SERVICES – STORMWATER DIVISION, ANNUAL REPORT PERMIT CYCLE 2, YEAR 7, TABLE 6-E.3 SUMMARY OF MWS SYSTEM SERVICES SEWER OVERFLOW RESPONSES IN PY7 (Nov. 2010) at p.80;

- Exhibit 5 - Affidavit of Bill Harris;

- Exhibit 6 - Affidavit of Annise Benanito;

- Exhibit 7 - Letter of Bill Harris to Plaintiff dated May 19, 2010;

- Exhibit 8 - Defendant QBE's Interrogatory Nos. 4, 6, and 8; and

- Exhibit 9 - Defendant SIA's Interrogatory No. 4;

all of which are incorporated herein by reference and made a part of this motion.

        Respectfully submitted,

        **LEITNER, WILLIAMS, DOOLEY
        & NAPOLITAN, PLLC**

    By:    s/ Thomas J. Dement II
           **Thomas J. Dement II**
           BPRN 17950
           414 Union Street, Suite 1900
           Nashville, Tennessee 37238-1782
           (615) 255-7722
           thomas.dement@leitnerfirm.com

           Attorneys for Defendants
           QBE Insurance Corporation and
           Specialty Insurance Agency, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded, via the Court's Electronic Case Filing System (CM/ECF) to all parties indicated on the electronic filing receipt or by U.S. Mail, postage prepaid, to:

> John Jacobson, Esq.
> Elizabeth Gonser, Esq.
> RILEY WARNOCK & JACOBSON, PLC
> 1906 West End Avenue
> Nashville, Tennessee 37203

This the 13th day of March 2012.

By: s/ Thomas J. Dement II
**Thomas J. Dement II**