IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HARDY AND KELLY LLC          )
                             )
v.                           ) NO. 3-11-0155
                             ) JUDGE CAMPBELL
QBE INSURANCE CORP., et al.  )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 38). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff is the owner of Broadway Brewhouse & Mojo Grill ("the business") on Broadway in downtown Nashville, Tennessee. Defendant QBE Insurance Corporation ("QBE") underwrites insurance programs for Defendant Specialty Insurance Agency ("SIA"). SIA is the producer and authorized claims administrator for the insurance policy at issue in this case.

Plaintiff purchased a commercial insurance policy from Defendants which covered the business for the term of May 25, 2009, until May 25, 2010. During early May of 2010, Nashville received record rainfalls, resulting in historic flooding, including flooding of the Cumberland River in downtown Nashville. Plaintiff contends that on May 4, 2012, water began seeping up through its business' sewer lines into the business. Plaintiff alleges that it sought coverage of the resulting loss under its policy with Defendants, and Defendants have denied that coverage

Plaintiff asserts claims for breach of contract, bad faith refusal to pay the claim, and violation of the Tennessee Consumer Protection Act ("TCPA"). Defendants have moved for summary judgment on all claims.

The policy at issue provides that certain types of losses are excluded, including losses "caused directly or indirectly by . . . flood" (Causes of Loss, Section B.1.g(1))[1] and losses "caused directly or indirectly by . . . water that backs up or overflows from a sewer, drain or sump." Causes of Loss, Section B.1.g.(3).[2] The policy also provides that: "Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." *Id*. at g.(1). This statement is known as an anti-concurrent causation clause.

The Plus D Endorsement, which Plaintiff purchased from Defendants for additional coverage, provides that Defendants will pay for "direct loss or damage caused by water which backs up through or overflows from a sewer or drain." This endorsement provision expressly deletes subsection (3) of the above exclusions provision. Plus D Endorsement, Section II. (1)(a) and (4).[3]

Thus, the policy covers direct loss or damage caused by "water that backs up or overflows from a sewer, drain or sump." It does not cover damage caused, directly or indirectly, by flood or overflow of any body of water. Plaintiff contends that the damage to the business was caused by water backing up from the sewer, not by flooding. Defendants argue that the damage was caused, directly or indirectly, by flooding and is, therefore, not covered.

## SUMMARY JUDGMENT

---

[1] Docket No. 38-1, pp. 2 and 3.

[2] Docket No. 38-1, pp. 2 and 3.

[3] Docket No. 38-2, pp. 2 and 3.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## BREACH OF CONTRACT

Defendants argue that the policy at issue does not cover Plaintiff's loss because the terms of the exclusion and the endorsement, when read together, exclude this type of loss. They point out that the policy includes an "anti-concurrent causation clause" which contracts around the so-called "concurrent causation doctrine" and prohibits coverage for a loss that has a non-covered concurrent

3

cause. Defendants claim that the policy excludes flooding, flooding was at least a concurrent cause of Plaintiff's loss, and therefore Plaintiff's loss is not covered.

Plaintiff, on the other hand, contends that there is no proof that its loss was caused by anything other than water backing up through the drains. Plaintiff attacks the report of Defendants' adjustor hired to investigate Plaintiff's claim, arguing that (1) he opined that the damage to Plaintiff's property was caused only by water that overflowed from the drains in the building; (2) he admitted that he intentionally crafted his report to include the term "rising water" as a contributing cause because the loss would not be covered if caused by "rising water;" and (3) his report is not competent proof because it is based upon hearsay. Finally, Plaintiff asserts that the cause of its damage is, at least, a genuine issue of material fact precluding summary judgment.

It is well settled that exceptions, exclusions and limitations in insurance policies must be construed against the insurance company and in favor of the insured. *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 (Tenn. 1991). The insurer bears the burden of demonstrating that the injury was caused by an exclusion in the policy. *Nationwide Mut. Fire Ins. Co. v. Stanley*. 403 F.Supp.2d 638, 645 (E.D. Tenn. 2005). If an exclusion applies, it is the insured's burden to show that an exception to the exclusion applies. *Standard Fire Ins. Co. v. Chester O'Donley & Associates, Inc.*, 972 S.W.2d 1, 8 (Tenn. Ct. App. 1998); *Interstate Packaging Co. v. Century Indem. Co.*, 2012 WL 874676 at * 4 (M.D. Tenn. March 14, 2012).

In *Watts*, the court recognized the "concurrent causation doctrine" which provides that coverage under a liability policy is available to an insured whenever an insured risk constitutes a concurrent proximate cause of the injury. *Watts*, 811 S.W.2d at 886. The court held that there should be coverage in a situation where a nonexcluded cause is a substantial factor in producing the

4

damage or injury, even though an excluded cause may have contributed in some form to the ultimate result and, standing alone, would have properly invoked the exclusion contained in the policy. *Id.* at 887.

*Watts* did not involve a anti-concurrent causation clause, however. The policy at issue here specifically states that damage caused, directly or indirectly, by flooding is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.[4] An insurance policy and its endorsements should be construed as a whole, in a reasonable and logical manner, even though they are to be construed in favor of insureds and so as to provide coverage. *State Automobile Mut. Ins. Co. v. R.H.L., Inc.*, 2010 WL 909073 at ** 7-8 (W.D. Tenn. March 12, 2010).

In *Davidson Hotel Co. v. St. Paul Fire and Marine Ins. Co.*, 136 F.Supp.2d 901 (W.D. Tenn. 2001), the court held that the insurer was "free to contract to place an absolute exclusion upon" certain events by stating that "this exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the loss." *Id.* at 909. Similarly, in *R.H.L.,* cited above, the court found that the anti-concurrent causation clause language, barring coverage where one or more of the enumerated excluded causes were a contributing cause, precluded payment on the plaintiff's claim. *R.H.L.,* 2010 WL 909073 at * 11.

In *Front Row Theater, Inc. v. American Manufacturer's Mut. Ins. Cos.*, 18 F.3d 1343 (6th Cir. 1994), the Sixth Circuit held that when damage to an insured's property is caused by both a covered and an excluded event, coverage may be expressly precluded by language in the policy. *Id.* at 1347.

---

[4] *See also Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir. 2007), where the court noted that insurers developed these anti-concurrent causation clauses specifically in response to court decisions where courts have found insurers obligated to pay for damages resulting from a combination of covered and excluded perils. *Id.* at n.7. That court noted that a majority of the states that have considered these anti-concurrent causation clauses enforce them. *Id.* at 434.

The policy at issue there specifically stated that it would not pay for loss or damage caused directly or indirectly by flood. It also included an anti-concurrent causation clause which stated: "Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." *Id*. at 1345. The Court, reading this language "literally," held that because the insurer specifically opted out of liability when a flood was a contributing cause of damage, the insurance company was not required to pay. *Id*. at 1347.

Construing this policy and endorsement together, the Court finds that the anti-concurrent causation clause specifically excludes coverage for damages caused, directly or indirectly, by flood. It cannot be disputed that this problem was caused, at least in part and at least indirectly, by the record flooding in Nashville in May of 2010. Therefore, Plaintiff's damages are not covered, and Defendants are entitled to summary judgment on the breach of contract claim.

## BAD FAITH AND TCPA

Having found that there is no insurance coverage for this loss, Plaintiff's claims for bad faith refusal to pay and violations of the Tennessee Consumer Protection Act are dismissed as moot.

## CONCLUSION

For all these reasons, Defendants' Motion for Summary Judgment (Docket No. 38) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE